# United States District Court

DISTRICT OF GUAM
4TH FLOOR, U.S. COURTHOUSE
520 WEST SOLEDAD AVENUE
HAGÅTÑA, GUAM 96910

**MARY L.M. MORAN**
CLERK OF COURT

July 30, 2007

TEL: (671) 473-9100
FAX: (671) 473-9152

Mr. Galo L. Perez
Clerk of Court
U.S. District Court
  for the Northern Mariana Islands
Second Floor, Horiguchi Building
P.O. Box 500687
Saipan, MP 96950

F I L E D
Clerk
District Court

AUG - 6 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**RECEIVED**

AUG - 6 2007

Clerk
District Court
The Northern Mariana Islands

**Re:**  **District Court of Guam Criminal Case No. 01-00123**
**District Court for the Northern Mariana Islands Criminal Case No. 07-00023**
**USA  vs.  Kuo-Chung Wei**

Dear Mr. Perez:

Our Court is in receipt of form PROB 22, Transfer of Jurisdiction and Order, accepting the transfer of the above-entitled matter.

Enclosed are certified copies of the following documents:

1.    Indictment, filed December 6, 2001
2.    Minute Entry re: Initial Appearance/Arraignment, filed December 10, 2001
3.    Plea Agreement, filed January 28, 2002
4.    Minute Entry re: Change of Plea, filed February 5, 2002
5.    Minute Entry re: Sentencing filed January 16, 2003
6.    Judgment in a Criminal Case, filed January 17, 2003
7.    Petition for Warrant or Summons for Offender Under Supervision,
      filed on June 8, 2007
8.    Minute Entry re: Petition for Revocation of Supervised Release,
      filed on June 27, 2007
9.    Transfer of Jurisdiction, filed July 27, 2007
10.   Docket Sheet

Please acknowledge receipt on the enclosed copy of this letter.

Sincerely,

Walter M. Tenorio
Deputy Clerk

Enclosures

FUGITIVE, INTERPRETER, TrJuris

## Civil/Criminal CM/ECF System
## District Court of Guam (Hagatna)
## CRIMINAL DOCKET FOR CASE #: 1:01-cr-00123 All Defendants

Case title: USA v. Chao

Date Filed: 12/04/2001

Assigned to: Chief Judge Frances M.
Tydingco-Gatewood

**Defendant**

| | | |
|---|---|---|
| **Jay K. Chao** (1) *(001)* | represented by | **F. Randall Cunliffe** Cunliffe and Cook, P.C. Suite 200, 210 Archbishop F.C. Flores Street Hagatna, GU 96910 671-472-1824 Fax: 671-472-2422 *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Retained* |

| **Pending Counts** | **Disposition** |
|---|---|
| IMPORTATION OF METHAMPHETAMINE HYDROCHLORIDE (1) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Chief Judge Frances M.
Tydingco-Gatewood

**Defendant**

**Kuo-Chung Wei** (2)                          represented by **Federal Public Defender**
*(002)*                                                       Law Offices of Federal Public Defender
*TERMINATED: 01/17/2003*
                                                              First Hawaiian Bank Building
                                                              400 Route 8, Suite 501
                                                              Mongmong, GU 96910
                                                              671-472-7111
                                                              Fax: 671-472-7120
                                                              Email: john_t_gorman@fd.org
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*
                                                              *Designation: Federal Public Defender*

**Pending Counts**                                            **Disposition**

IMPORTATION OF                                                DEFENDANT SENTENCED TO 46
METHAMPHETAMINE                                               MONTHS IMPRISONMENT (WITH
HYDROCHLORIDE                                                 CREDIT FOR TIME SERVED).
(1)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                         **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                **Disposition**

None

---

**Plaintiff**

**USA**                                       represented by **Karon Johnson**
                                                              Office of the U.S. Attorney
                                                              Suite 500, Sirena Plaza
                                                              108 Hernan Cortez Avenue
                                                              Hagatna, GU 96910
                                                              671-472-7332
                                                              Fax: 671-472-7334
                                                              Email: karon.johnson@usdoj.gov
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/27/2007 | 53 | Transfer of Jurisdiction and Order to Northern Mariana Islands as to Kuo-Chung Wei. (wmt, ) (Entered: 07/27/2007) |
| 07/12/2007 | 52 | Transfer of Jurisdiction Issued to the District of Northern Mariana Islands as to Kuo-Chung Wei.(wmt, ) (Entered: 07/12/2007) |
| 07/11/2007 | 51 | Order granting 50 Motion for Transfer of Jurisdiction as to Kuo-Chung Wei (2). Signed by Judge Frances M. Tydingco-Gatewood on 7/11/2007. (wmt, ) (Entered: 07/12/2007) |
| 07/11/2007 | 50 | Motion for Transfer of Jurisdiction as to Kuo-Chung Wei (Attachments: # 1 Transfer of Jurisdiction) (JTT, USPO) (Entered: 07/11/2007) |
| 06/27/2007 | 49 | Appointment Order. Appointment of Federal Public Defender for Kuo-Chung Wei *nunc pro tunc* to 6/11/2007. Signed by Judge Joaquin V.E. Manibusan Jr. on 6/27/2007. (mba, ) (Entered: 06/27/2007) |
| 06/27/2007 | 48 | Minute Entry for proceedings held before Judge Joaquin V.E. Manibusan Jr.:Continued Hearing on Petition for Revocation of Supervised Release as to Kuo-Chung Wei held on 6/27/2007. Federal Public Defender appointed. Court continued the matter indefinitely to allow probation the opportunity to request a transfer of jurisdiction to the District Court of the Northern Mariana Islands. (Court Recorder: Virginia Kilgore.)(Start Time: 2:35:43, End Time: 2:45:09.) (mba, ) (Entered: 06/27/2007) |
| 06/19/2007 | 47 | Summons Returned Executed on 6/13/2007 as to Kuo-Chung Wei. (wmt, ) (Entered: 06/22/2007) |
| 06/11/2007 | 46 | Summons Issued as to Kuo-Chung Wei. Initial Appearance set for 6/27/2007 at 02:00 PM in 3rd Floor Courtroom before Magistrate Judge Joaquin V.E. Manibusan Jr.(wmt, ) (Entered: 06/11/2007) |
| 06/11/2007 | 45 | Order granting 44 Petition for Summons for Offender Under Supervised Release as to Kuo-Chung Wei (2). Signed by Judge Joaquin V.E. Manibusan Jr. on 6/11/2007. (wmt, ) (Entered: 06/11/2007) |
| 06/08/2007 | 44 | Petition for Revocation/Modification of Supervised Release, Petition for Summons for Offender Under Supervised Release as to Kuo-Chung Wei (Attachments: # 1 Violation Worksheet # 2 Declaration in Support) (JTT, USPO) (Entered: 06/08/2007) |
| 02/14/2007 | 43 | ** SEALED Document Pursuant to E-Government Act of 2002 ** Arrest Warrant Returned Unexecuted as to Jay K. Chao. Warrant for Arrest vacated per court order re 41 Order to Vacate Arrest Warrant issued on 10/27/2003. (mba, ) (Entered: 02/14/2007) |
| 10/19/2006 | 42 | Petition for Action on Conditions of Pretrial Release and Order as to Jay K. Chao. The Court orders the issuance of a warrant. Signed by Judge John C. Coughenour on 10/11/2006. (lth, ) **Modified on 10/23/2006 to edit docket text (vtk, )** (Entered: 10/20/2006) |
|  |  |  |

| 10/19/2006 | 41 | Order to Vacate Arrest Warrant issued on 10/27/2003 as to Jay K. Chao. Signed by Judge Larry A. Burns on 10/19/2006. (vtk, ) (Entered: 10/19/2006) |
|---|---|---|
| 10/28/2003 | 40 | ORDER - IT IS HEREBY ORD that t/sent & PSR is vacated; [MBA EOD 10/28/2003] (ORIGINAL GCMS ENTRY 39-1) (cnv) (Entered: 10/28/2003) |
| 10/27/2003 | 39 | PETITION for Act on Conds of P/T Rel - W/A issd; Applies to: DFT Chao, Jay K. (001) [MBA EOD 10/27/2003] (ORIGINAL GCMS ENTRY 38-1) (cnv) (Entered: 10/27/2003) |
| 07/22/2003 | 38 | ORDER - Sent set 10/29/03 - 1:30 p.m. PSR due 09/24/03; Applies to: DFT Chao, Jay K. (001) [MBA EOD 07/22/2003] (ORIGINAL GCMS ENTRY 37-1) (cnv) (Entered: 07/22/2003) |
| 05/28/2003 | 37 | STIPULATION & Ord to Vacate Status Hrg, Unseal Rec & Set Sent - Sent set for 08/27/03 - 1:30 p.m. PSR due 07/23/03 (Duplicate original - one filed on same day); Applies to: DFT Chao, Jay K. (001) [MBA EOD 05/28/2003] (ORIGINAL GCMS ENTRY 36-1) (cnv) (Entered: 05/28/2003) |
| 05/28/2003 | 36 | STIPULATION of Parties to Vacate Status Hrg; Unseal Rec & Set Sent Date - Sent set for 08/27/03 - 1:30 p.m. PSR due 07/23/03; Applies to: DFT Chao, Jay K. (001) [MBA EOD 05/28/2003] (ORIGINAL GCMS ENTRY 35-1) (cnv) (Entered: 05/28/2003) |
| 02/25/2003 | 35 | STIPULATION & Ord to Cont Status Hrg - Status Hrg cont'd to 05/27/03 - 2:30 p.m.; Applies to: DFT Chao, Jay K. (001) [MBA EOD 02/25/2003] (ORIGINAL GCMS ENTRY 34-1) (cnv) (Entered: 02/25/2003) |
| 01/17/2003 | 34 | JUDGMENT in a Cr Cs; Applies to: DFT Wei, Kuo-chung (002) [MBA EOD 01/21/2003] (ORIGINAL GCMS ENTRY 33-1) (cnv) (Entered: 01/17/2003) |
| 01/16/2003 | 33 | MINUTE ENTRY - Sentencing (01/15/03) - Crt claries w/parties that the case has been unsealed. Deft sent to 46 mos. impris (w/credit for time served); 5 yrs. suprvd rel; 400 hrs. community svcs; fine waived; $100 SA. Deft rem to cust of USMS; Applies to: DFT Wei, Kuo-chung (002) [MBA EOD 01/17/2003] (ORIGINAL GCMS ENTRY 32-1) (cnv) (Entered: 01/16/2003) |
| 12/20/2002 | 32 | ORDER - Due to the effects of Supertyphoon Pongsona, all hrgs from 12/08/02 thru 12/20/02 have been vacated. Sent will be held 01/15/03 - 1:30 p.m. (Deft Kuo Chung Wei); [MBA EOD 12/20/2002] (ORIGINAL GCMS ENTRY 31-1) (cnv) (Entered: 12/20/2002) |
| 11/29/2002 | 31 | RESPONSE to Draft PSR; Cert of Svc; Filed by: DFT Sealed (002) [RMM EOD 11/29/2002] (ORIGINAL GCMS ENTRY 30-1) (cnv) (Entered: 11/29/2002) |
| 11/25/2002 | 30 | STIPULATION & Ord to Cont Status Hrg - Status Hrg cont'd to 02/25/03 - 2:30 p.m. (Deft Chao); [MBA EOD 11/25/2002] (ORIGINAL |

| | | |
|---|---|---|
| | | GCMS ENTRY 29-1) (cnv) (Entered: 11/25/2002) |
| 11/19/2002 | 29 | GOVERNMENT'S Statement Adopting Findings of PSR; Applies to: DFT Sealed (002) [MBA EOD 11/19/2002] (ORIGINAL GCMS ENTRY 28-1) (cnv) (Entered: 11/19/2002) |
| 08/22/2002 | 28 | STIPULATION of Parties to Vacate Status Hearing; Unseal Record and Set Sentencing Date - Sentencing set for 12/20/02 @ 9:30 a.m. & PSR due 11/15/02; Applies to: GOVPTF U.s.a., DFT Sealed (002) [PTC EOD 08/22/2002] (ORIGINAL GCMS ENTRY 27-1) (cnv) (Entered: 08/22/2002) |
| 07/26/2002 | 27 | STIPULATION & Ord to Cont Status Hrg - Status Hrg cont'd to 11/14/02 - 2:30 p.m. (Deft Chao); [MBA EOD 07/29/2002] (ORIGINAL GCMS ENTRY 26-1) (cnv) (Entered: 07/26/2002) |
| 06/03/2002 | 26 | STIPULATION and Order to Allow Travel to Taiwan.; Filed by: GOVPTF U.S.A. Applies to: DFT Chao, Jay K. (001) [MBA EOD 06/04/2002] (ORIGINAL GCMS ENTRY 25-1) (cnv) (Entered: 06/03/2002) |
| 05/14/2002 | 25 | STIPULATION of Parties to Cont Status Hrg & Ord - Status Hrg cont'd to 08/20/02 - 2:30 p.m.; [MBA EOD 05/14/2002] (ORIGINAL GCMS ENTRY 24-1) (cnv) (Entered: 05/14/2002) |
| 05/08/2002 | 24 | STIPULATION of Parties to Cont Status Hrg & Ord - Status Hrg cont'd to 08/15/02 - 2:30 p.m.; Applies to: DFT Sealed (001) [MBA EOD 05/08/2002] (ORIGINAL GCMS ENTRY 23-1) (cnv) (Entered: 05/08/2002) |
| 04/15/2002 | 23 | MODIFIED Ord Setting Conds of Rel; [MBA EOD 04/15/2002] (ORIGINAL GCMS ENTRY 22-1) (cnv) (Entered: 04/15/2002) |
| 02/05/2002 | 22 | MINUTE ENTRY - Change of Plea - deft enters plea of guilty. Status hrg sched for 5/15/02 at 2:30 pm; [PTC EOD 02/06/2002] (ORIGINAL GCMS ENTRY 21-1) (cnv) (Entered: 02/05/2002) |
| 02/04/2002 | 20 | ORDER - change of plea sched for 2/4/02 is now mvd to 2/5/02 at 9:30 a.m.; [PTC EOD 02/04/2002] (ORIGINAL GCMS ENTRY 19-1) (cnv) (Entered: 02/04/2002) |
| 01/28/2002 | 21 | PLEA Plea agreement - hrg set for 2/6/02 at 9:30 a.m.; [PTC EOD 02/05/2002] (ORIGINAL GCMS ENTRY 20-1) (cnv) (Entered: 01/28/2002) |
| 01/18/2002 | 19 | ORDER - rel cond(s) amd for deft to be placed under joint suprvn of USPO & DEA while case is sealed. When case unsealed, supvd will be solely under USPO; [PTC EOD 01/22/2002] (ORIGINAL GCMS ENTRY 18-1) (cnv) (Entered: 01/18/2002) |
| 01/10/2002 | 18 | ORDER Setting Conds of Rel (Deft Chao); [MBA EOD 01/10/2002] (ORIGINAL GCMS ENTRY 17-1) (cnv) (Entered: 01/10/2002) |
| 01/10/2002 | 17 | MINUTE ENTRY - Change of Plea - Deft enters plea of Guilty. Status |

|  |  | Hrg set for 05/08/02 - 2:30 p.m. Deft to be rel on bond; [MBA EOD 01/10/2002] (ORIGINAL GCMS ENTRY 16-1) (cnv) (Entered: 01/10/2002) |
|---|---|---|
| 01/08/2002 | 16 | PLEA Agreement (Deft Chao); [MBA EOD 01/08/2002] (ORIGINAL GCMS ENTRY 15-1) (cnv) (Entered: 01/08/2002) |
| 12/28/2001 | 15 | RETURN of Sumns in a Cr Cs - Exec 12/10/01 (Deft Wei); [MBA EOD 12/28/2001] (ORIGINAL GCMS ENTRY 14-1) (cnv) (Entered: 12/28/2001) |
| 12/28/2001 | 14 | RETURN of Sumns in a Cr Cs - Exec 12/10/01 (Deft Chao); [MBA EOD 12/28/2001] (ORIGINAL GCMS ENTRY 13-1) (cnv) (Entered: 12/28/2001) |
| 12/12/2001 | 13 | ENTRY of Appearance - Richard P. Arens hereby enters its appearance as retained cnsl for deft Jay K. Chao; [MBA EOD 12/12/2001] (ORIGINAL GCMS ENTRY 12-1) (cnv) (Entered: 12/12/2001) |
| 12/10/2001 | 12 | ORDER - Trial set for 02/05/02 - 9:30 a.m. P/T mtns due NLT 12/28/01 & hrd 01/18/02 - 1:30 p.m. Trial docs due NLT 01/29/02; [MBA EOD 12/10/2001] (ORIGINAL GCMS ENTRY 11-1) (cnv) (Entered: 12/10/2001) |
| 12/10/2001 | 11 | MINUTE ENTRY - Arraignment - Deft enters plea of Not Guilty. Trial set for 02/05/02 - 9:30 a.m. Deft rem to cust of USMS for detention, Mr. Arens has been retained as atty for deft Chao; Applies to: DFT Sealed (001), DFT Sealed (002) [MBA EOD 12/10/2001] (ORIGINAL GCMS ENTRY 10-1) (cnv) (Entered: 12/10/2001) |
| 12/10/2001 | 10 | AMENDED Ord - Richard Arens apptd to rep deft Jay K. Chao; Federal Public Defender apptd to rep deft Kuo-Chung Wei nunc pro tunc to 12/03/01. Prelim Exam set for 12/12/01 - 2:30 p.m.; [MBA EOD 12/10/2001] (ORIGINAL GCMS ENTRY 9-1) (cnv) (Entered: 12/10/2001) |
| 12/06/2001 | 9 | INDICTMENT - Sumns issd. Hrg set for 12/10/01 - 9:30 a.m.; [MBA EOD 12/06/2001] (ORIGINAL GCMS ENTRY 8-1) (cnv) (Entered: 12/06/2001) |
| 12/04/2001 | 8 | MINUTE ENTRY - Initial Appearance re Complaint - Apptmt ord issd. Prelim Exam set for 12/12/01 - 2:30 p.m. Defts rem to cust of USMS; [MBA EOD 12/06/2001] (ORIGINAL GCMS ENTRY 7-1) (cnv) (Entered: 12/04/2001) |
| 12/04/2001 | 7 | ORDER of Detention Pending Trial (Deft Wei); [MBA EOD 12/06/2001] (ORIGINAL GCMS ENTRY 6-1) (cnv) (Entered: 12/04/2001) |
| 12/04/2001 | 6 | ORDER of Detention Pending Trial (Deft Chao); [MBA EOD 12/06/2001] (ORIGINAL GCMS ENTRY 5-1) (cnv) (Entered: 12/04/2001) |
| 12/04/2001 | 5 | ORDER - Federal Public Defender apptd to rep Deft Jay K. Chao; |

|  |  |  |
|---|---|---|
|  |  | Richard Arens apptd to rep Deft Kuo-Chung Wei. Prelim Exam set for 12/12/01 - 2:30 p.m. Note: Amended Ord to follow; [MBA EOD 12/06/2001] (ORIGINAL GCMS ENTRY 4-1) (cnv) (Entered: 12/04/2001) |
| 12/04/2001 | 4 | FINANCIAL Affdvt (Deft Wei); [MBA EOD 12/06/2001] (ORIGINAL GCMS ENTRY 3-1) (cnv) (Entered: 12/04/2001) |
| 12/04/2001 | 3 | FINANCIAL Affdvt (Deft Chao); [MBA EOD 12/06/2001] (ORIGINAL GCMS ENTRY 2-1) (cnv) (Entered: 12/04/2001) |
| 12/04/2001 | 2 | APPLICATION & Ord to Seal Rec; [MBA EOD 12/06/2001] (ORIGINAL GCMS ENTRY 1A-1) (cnv) (Entered: 12/04/2001) |
| 12/04/2001 | 1 | COMPLAINT [MBA EOD 12/06/2001] (ORIGINAL GCMS ENTRY 1-1) (cnv) (Entered: 12/04/2001) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/30/2007 09:27:09 | | |
| **PACER Login:** us7915 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 1:01-cr-00123 |
| **Billable Pages:** 3 | **Cost:** | 0.24 |

I hereby certify that the
annexed instrument is a
true copy of the original
on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By:
Deputy Clerk

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER (Tran. Court) |
|---|---|---|
| | **TRANSFER OF JURISDICTION** | **GUAM CR 01-00123-002** |
| | | DOCKET NUMBER (Rec. Court) |
| | | **CR 07-00023** |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| **Kuo-Chung Wei** c/o U.S. Probation Office District of the Northern Mariana Islands Horiguchi Building Room 4D Saipan, MP 96950 | **0993 Guam** | |

| | NAME OF SENTENCING JUDGE |
|---|---|
| | **Honorable John S. Unpingco** |

| DATES OF SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | **April 4, 2005** | **April 3, 2010** |

OFFENSE

Importation of Methamphetamine Hydrochloride in violation of Title 21, United States Codes, 841(a)(1) 846 & Title 18, United States Code, Section 2.

COPY of Original Filed on this date

JUL 19 2007

Clerk District Court For The Northern Mariana Islands

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF ____ **GUAM** ____

    IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ____ **Northern Mariana Islands** ____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court. *

/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Jul 11, 2007

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF ____ **Northern Mariana Islands**

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

**FILED** DISTRICT COURT OF GUAM

_Alex R. Munson_
United States District Judge

JUL 19 2007
Effective Date

JUL 27 2007

**MARY L.M. MORAN CLERK OF COURT**

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: _____
Deputy Clerk

CHAO.Ind

FREDERICK A. BLACK
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez
Hagåtña, Guam  96910-5113
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM

DEC - 6 2001

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 01-00123 |
| Plaintiff, | **INDICTMENT** |
| vs. | **IMPORTATION OF METHAMPHETAMINE HYDROCHLORIDE** |
| JAY K. CHAO and, KUO-CHUNG WEI, | [21 U.S.C. §§ 846 & 952] |
| Defendants. | |

THE GRAND JURY CHARGES THAT:

Beginning on or about October 21, 2001, the exact date being unknown, and continuing though December 2, 2001, in the District of Guam and elsewhere, the defendants herein, JAY K. CHAO and KUO CHUNG WEI,, did unlawfully and knowingly import into the United States from a place outside thereof, approximately 1,000 grams net weight of methamphetamine hydrochloride (ice), a Schedule II controlled substance, in violation of Title 21, United States Code, § 952, and Title 18, United States Code, § 2.

Dated this 5th day of December, 2001.

A TRUE BILL.

CONCEPCION B. RIVERA
Foreperson

FREDERICK A. BLACK
United States Attorney
Districts of Guam and NMI

By: _____
Karon V. Johnson
Assistant U.S. Attorney

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: _____
Deputy Clerk

ORIGINAL

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM
**CRIMINAL MINUTES**
**INITIAL APPEARANCE - ARRAIGNMENT - PLEA**

FILED
DISTRICT COURT OF GUAM
DEC 1 0 2001
MARY L.M. MORAN
CLERK OF COURT

DATE: 6-10-2001    TIME: 9:44 A.M.    CASE NO. 01-00123

(X) SEALED    ( ) UNSEALED

*******************************************************************

HON. JOHN S. UNPINGCO, Chief Judge, Presiding
PATRICIA T. CRUZ, Courtroom Deputy/_____
MCDONALD, EL/HATTORI /KIPPEN, Law Clerk

WANDA M. MILES, Court Reporter

_____, ECR -Tape No. QUINATA/TORRES/MCDONALD/TAIJERON/PEREDA/CAMACHO/LIZAMA/EDROSA, Court Security
_____Designated Judge    ( ) District Court (Visiting Judge) ( ) Superior Court

* * * * * * (4H) * * * * * * (32) * * * * A P P E A R A N C E S * * * * * * * * * * * * * * * * * * * *

DEFT JAY P. CHAO / KUO. Chung-Wei    ATTY Richard Arens / J. Basil O'Mallan

(X) PRESENT (X) CUSTODY    ( ) BOND    ( ) P.R.    (X) PRESENT (X) RETAINED (X) FPD ( ) CJA APPOINTED
(If more than one defendant, see attached)

U.S. ATTORNEY: Karon V. Johnson    AGENT: Richard Flores, DEA

U.S. PROBATION: Grace Flores / L. Owens    U.S. MARSHAL: R. Lumagui

INTERPRETER: Mimi Clinnard    ( ) SWORN    LANGUAGE: Mandarin
(X) PREVIOUSLY SWORN

*******************************************************************

**PROCEEDINGS:** ( ) COMPLAINT ( ) WAIVER OF INDICTMENT/INFORMATION ( ) INDICTMENT
( ) INITIAL APPEARANCE    (X) ARRAIGNMENT    ( ) PLEA [change of]

( ) COMPLAINT/INFORMATION/INDICTMENT READ TO DEFENDANT
( ) FINANCIAL AFFIDAVIT REVIEWED AND ACCEPTED:_____, ATTORNEY APPOINTED
(X) DEFENDANT SWORN AND EXAMINED    AGE:___    HIGH SCHOOL COMPLETED:_____
(X) DEFENDANT ARRAIGNED ADVISED OF RIGHTS, CHARGES AND PENALTIES
( ) REMOVAL/IDENTITY HEARING ( ) CONDUCTED ( ) WAIVED ( ) SET FOR:_____ at _____
( ) WARRANT OF REMOVAL ISSUED
( ) GOV'T SUMMARIZES THE EVIDENCE    ( ) GOV'T SUBMITS TO THE PLEA AGREEMENT
(X) COURT QUESTIONS DEFENDANT REGARDING HIS PHYSICAL AND MENTAL CONDITION, AND ADVISES DEFENDANT OF
    THE NATURE AND POSSIBLE CONSEQUENCES OF SAID PLEA
( ) DEFENDANT WAIVES READING OF ( ) COMPLAINT ( ) INFORMATION ( ) INDICTMENT
( ) PLEA ENTERED: ( ) *GUILTY* (X) *NOT GUILTY* - TO:_____
( ) COUNT(S) _____ DISMISSED ON GOVERNMENT'S MOTION
( ) PLEA AGREEMENT FILED: _____ PLEA: (X) *ACCEPTED* ( ) *REJECTED*
( ) COURT ORDERS PLEA AGREEMENT *SEALED*
( ) COURT REJECTS PLEA AGREEMENT AND REFERS IT TO:_____
_____ FOR RECOMMENDATION.

( ) SENTENCING DATE:_____ at _____ ( ) STATUS HEARING:_____ at _____
( ) PRESENTENCE REPORT ORDERED AND DUE:_____
( ) PRELIMINARY EXAMINATION SET FOR:_____ at _____
( ) ARRAIGNMENT SET FOR _____ at _____
(X) TRIAL SET FOR February 5, 2002 _____ at 9:30 A.M.

PROCEEDINGS CONTINUED TO:_____ at _____
( ) DEFENDANT TO BE RELEASED ON BOND (see release conditions on page 2)
(X) DEFENDANT REMANDED TO THE CUSTODY OF THE U.S. MARSHAL SERVICE FOR ( ) *PROCESSING* (X) *DETENTION*
( ) DETENTION HEARING REQUESTED BY _ GOV'T _ DEFT IS SET FOR:_____ at _____
( ) DEFENDANT RELEASED ON BAIL AS PREVIOUSLY ORDERED BY THIS COURT

NOTES: Mr. Arens has been retained as of this weekend.
_____
_____
_____

COURTROOM DEPUTY:_____
L:\docs\MINUTES.IAP

Time: 9:50 ( ) Am ( ) Pm

CASE NO._____          DEFENDANT:_____

( ) PERSONAL RECOGNIZANCE BOND          ( ) UNSECURED BOND $_____
( ) CASH BOND $_____
( ) SURETY (COLLATERAL) BOND _____

_____
( ) DEFENDANT SHALL APPEAR ON_____ at _____
DEFENDANT RELEASED TO THIRD PARTY CUSTODY OF:
NAME:_____ PHONE NO._____
    Address: _____
( )   ELECTRONIC HOME MONITORING   ( ) DEFENDANT TO PAY FOR MONITORING ($        ) per day
*************************R E L E A S E   C O N D I T I O N S*************************
THE DEFENDANT IS RELEASED ON THE FOLLOWING CONDITIONS:
( )    MUST REMAIN AT CUSTODIAN'S RESIDENCE BETWEEN THE HOURS OF _____ and _____
( )    MUST NOT LEAVE THE TERRITORY OF GUAM WITHOUT THE PRIOR PERMISSION OF THE COURT OR THE U.S.
       PROBATION OFFICE
( )    MUST MAINTAIN OR ACTIVELY SEEK EMPLOYMENT
( )    MUST MAINTAIN OR COMMENCE AN EDUCATIONAL PROGRAM   ( ) OBTAIN G.E.D.
( )    MUST ABIDE BY THE FOLLOWING RESTRICTIONS ON HIS/HER PERSONAL ASSOCIATIONS, PLACE OF ABODE, OR
       TRAVEL:_____
       _____
( )    MUST STAY AWAY FROM ALL PORTS OF ENTRY AND EXIT
( )    MUST COMPLY WITH THE FOLLOWING CURFEW:_____
       _____
( )    MUST AVOID ALL CONTACT WITH THE FOLLOWING NAMED PERSONS, WHO ARE CONSIDERED CO-DEFENDANTS
       OR ALLEGED VICTIMS OR POTENTIAL WITNESSES:
       _____          _____
       _____          _____
( )    MUST REPORT ON A REGULAR BASIS TO THE FOLLOWING AGENCY:    ( ) AS DIRECTED / PHONE:_____
       ( ) DEA ( ) ATF ( ) FBI ( ) NCIS ( ) NIS  ( ) U.S. CUSTOMS  ( ) U.S. PROBATION  ( ) U.S. IMMIGRATION
       BETWEEN THE HOURS OF _____ and_____ EVERY MON., TUES., WEDS., THURS. and FRI.
( )    MUST REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE, OR OTHER DANGEROUS WEAPON
( )    MUST REFRAIN FROM ( ) ANY   ( ) EXCESSIVE   USE OF ALCOHOL, AND ANY USE OR UNLAWFUL
       POSSESSION OF A NARCOTIC DRUG AND OTHER CONTROLLED SUBSTANCES UNLESS PRESCRIBED BY A
       LICENSED MEDICAL PRACTITIONER
( )    MUST UNDERGO MEDICAL, PSYCHIATRIC, SUBSTANCE ABUSE  OR DRUG TREATMENT AT THE DIRECTION OF
       _____
( )    MUST EXECUTE A BOND OR AN AGREEMENT TO FORFEIT THE FOLLOWING SUM OF MONEY OR DESIGNATED
       PROPERTY UPON FAILURE TO APPEAR ON _____
( )    MUST POST WITH THE COURT THE FOLLOWING INDICIA OF OWNERSHIP OF THE ABOVE-DESCRIBED PROPERTY
       (COLLATERAL) OR THE FOLLOWING AMOUNT OR PERCENTAGE OF THE DESCRIBED MONEY:_____
       _____
( )    MUST EXECUTE A BAIL BOND IN THE AMOUNT OF $_____
( )    MUST SURRENDER ANY FIREARMS I.D. TO THE CLERK OF COURT OR TO_____
( )    MUST SURRENDER ANY PASSPORT TO THE CLERK OF COURT FOR THE DISTRICT COURT OF GUAM OR TO _____
       _____
( )    MUST NOT OBTAIN A PASSPORT
( )    MUST SUBMIT TO A RANDOM URINALYSIS TESTING AS REQUIRED BY THE U.S. PROBATION OFFICE
( )    MUST SUBMIT TO SUBSTANCE ABUSE TESTING AS REQUIRED BY _____
( )    MUST ABIDE BY ALL PRETRIAL RELEASE CONDITIONS AS INSTRUCTED BY THE PROBATION OFFICE
( )    MUST NOT INCUR ANY NEW FINANCIAL DEBTS/OBLIGATIONS/LOANS W/OUT PRIOR PERMISSION OF THIS COURT
( )    UPON THE UNSEALING OF THIS CASE, SUPERVISION WILL BE TURNED OVER TO THE U.S. PROBATION OFFICE
( )    _____

( )    _____      I hereby certify that the
( )    _____      annexed instrument is a
                                     true copy of the original
( )    _____      on file in my office.
                                     ATTEST: CLERK OF COURT
( )    _____      District Court of Guam
                                     Territory of Guam
L:\docs\MINUTES.IAP          PAGE 2     By_____    TIME:         PTC
                                     Deputy Clerk

1   KWei.ple

2   FREDERICK A. BLACK
    United States Attorney
3   KARON V. JOHNSON
    Assistant U.S. Attorney
4   Suite 500, Sirena Plaza
    108 Hernan Cortez Avenue
5   Agana, Guam  96910
6   Telephone:  (671) 472-7332/7283
    Telecopier:  (671) 472-7334
7

8   Attorneys for United States of America

9              IN THE UNITED STATES DISTRICT COURT

10                FOR THE TERRITORY OF GUAM

11
    UNITED STATES OF AMERICA,        )     CRIMINAL CASE NO. 01-00123
12                                   )
                                     )
13            Plaintiff,             )
                                     )
14         vs.                       )     **PLEA AGREEMENT**
                                     )
15   KUO-CHUNG WEI,                  )
                                     )
16            Defendant.             )
17   _____)

18        Pursuant to Rule 11(e)(1)(B), the United States and the defendant, KUO-CHUNG WEI,

19   enter into the following plea agreement:

20        1.  The defendant agrees to enter a guilty plea to an Indictment charging him with

21   Importation of Methamphetamine Hydrochloride (ice) in violation of Title 21, United States
22

23   Code, § 952.

24        2(a)  The defendant, KUO-CHUNG WEI, further agrees to fully and truthfully cooperate

25   with Federal law enforcement agents concerning their investigation of the importation and
26
     distribution of illegal controlled substances on Guam and related unlawful activities.  He agrees
27
     to testify fully and truthfully before any grand juries and at any trials or proceedings if called as a

ORIGINAL

FILED
DISTRICT COURT OF GUAM

JAN 2 8 2002

CLERK OF COURT

2:10 p.m.

witness, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard.

2(b) Except as otherwise herein provided, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Marianas Islands (CNMI) which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

3. The defendant, KUO-CHUNG WEI, understands and agrees that any and all assets or portions thereof acquired or obtained by him as a direct or indirect result of his illegal drug trafficking shall be surrendered to the United States or any lawful agency as may be directed by the Court.

4. The defendant, KUO-CHUNG WEI, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in illegal drug trafficking and his knowledge of others' involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

5(a) The defendant, KUO-CHUNG WEI, understands that the maximum sentence for importation of approximately 1,000 grams of methamphetamine hydrochloride (ice) is a term of life imprisonment, with a mandatory minimum term of ten (10) years incarceration, a $4,000,000

- 2 -

fine, and a $100 special assessment fee, which must be paid at the time of sentencing.  Any

sentence imposed shall include a term of supervised release of at least five (5) years in addition

to such terms of imprisonment.  Defendant understands that, if at any time while he is on

supervised release he violates one of its conditions, his supervised release may be revoked and he

may be subject to an additional term of imprisonment.  If defendant cooperates as set forth in

Paragraphs 2, 3, and 4 the government will recommend that defendant receive the statutory

minimum or the minimum term of incarceration recommended by the Sentencing Guidelines,

whichever is greater.

5(b) In addition, if defendant provides full, truthful, and substantial assistance to

investigating federal agencies, the government will move the Court, as provided by 18 U.S.C. §

3553(e) and USSG 5K1.1, for a downward departure from the statutory minimum and the

Guidelines.  Defendant understands that "substantial assistance"encompasses such significant

and useful assistance directed to the investigation and prosecution of the criminal activities of

other persons, as is set forth by USSG 5K1.1.  Defendant also understands the decision whether

to depart from the guidelines and to what degree, is within the sole discretion of the sentencing

judge.  The government agrees not to take a position concerning the amount of incarceration the

court should impose.  If defendant does not fully cooperate as set forth in Paragraphs 2, 3, and 4,

the government will recommend whatever sentence of incarceration within the statutory and

Guidelines range it may deem appropriate.

5(c) Defendant agrees to pay in full the amount of the special assessment, $100, at the

time he enters his guilty plea.  The government will recommend a fine within the Sentencing

Guidelines range.  If defendant is financially unable to immediately pay the fine in full, defendant

- 3 -

agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

6. The defendant understands that to establish a violation of Importation of methamphetamine hydrochloride as charged pursuant to 21 U.S.C. § 952 and 18 U.S.C. § 2, the government must prove each of the following elements beyond a reasonable doubt:

First: the defendant knowingly brought methamphetamine hydrochloride also known as ice, into the United States;

Second: the defendant knew it was methamphetamine hydrochloride or some other prohibited drug; and

Third; the quantity of methamphetamine hydrochloride (ice) was approximately 1,000 grams net weight.

7. The defendant understands that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level, even though the counts underlying this conduct may be dismissed. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born July 10, 1965, and is a citizen of Taiwan.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

- 4 -

(c) Defendant was contacted by a person in Taiwan and asked to smuggle illegal drugs into Guam. Defendant agreed to make the trip for $3,000 U.S. Defendant booked a flight to Guam for November 28, 2001, and received a pair of extra-large shoes which contained approximately 1,000 grams net weight of methamphetamine hydrochloride hidden in the soles. He was instructed to wear these shoes through Guam Customs, go to the Marriott Hotel and book a room. He was given a code name, Cheng Shou Yen, and told to give the shoes to the person who came to his hotel room and identified himself by this code name.

On November 28, 2001, defendant arrived on Guam carrying the methamphetamine hydrochloride ("ice") in his shoes. He booked room 706 at the Marriott hotel. Later the same day, defendant met with uncover agents in his hotel room, and gave the shoes to them, knowing that they contained "ice". On December 2, defendant was arrested at the airport as he attempted to board the flight to Taiwan.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

8. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under

- 5 -

the plea agreement. Thus defendant, in addition to standing guilty of the matters to which he has

pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other

crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting

authorities, whether Federal, State, or Local, shall be free to use against him, without limitation,

any and all information, in whatever form, that he has provided pursuant to this plea agreement

or otherwise; defendant shall not assert any claim under the United States Constitution, any

statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules

of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. Defendant understands that whether he has completely fulfilled all of the obligations

under this agreement shall be determined by the court in an appropriate proceeding at which any

disclosures and documents provided by defendant shall be admissible and at which the United

States shall be required to establish any breach by a preponderance of the evidence. In

determining whether there has been a breach, the parties agree that any polygraph results and the

polygrapher's conclusions and opinions shall be admissible.

10. The defendant understands that his sentencing may be continued, at the sole

discretion of the United States, until after the indictment and trial of any associates involved.

This will also enable the Court to see the full degree of the defendant's cooperation. The

defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to

any continuance of his sentencing date as it may become necessary.

11. The defendant waives any right to appeal or to collaterally attack this conviction but

reserves the right to appeal the sentence imposed in this case. If at any time defendant's guilty

plea is rejected, withdrawn, vacated or reversed, the United States will be free to prosecute

defendant for all charges of which it presently has knowledge, and any charges that have been dismissed will automatically be reinstated or may be presented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) That, upon entry of a plea of guilty, or thereafter, the Court may ask his questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(f) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

- 7 -

1    (g)  The defendant is satisfied with the representation

2  of his lawyer and feels that his lawyer has done everything

3  possible for his defense.

4

5  DATED: ___1/14/02___

6                                    KUO-CHUNG WEI
                                     Defendant

7  DATED: ___1/14/02___

8                                    JOHN GORMAN
                                     Attorney for Defendant

9

10                                   FREDERICK A. BLACK
                                     United States Attorney

11                                   Districts of Guam and NMI

12  DATED: ___1/28/02___   By:

13                                   KARON V. JOHNSON
                                     Assistant U.S. Attorney

14

15

16                          I hereby certify that the
                            annexed instrument is a
                            true copy of the original
17                          on file in my office.
                            ATTEST: CLERK OF COURT
18                          District Court of Guam
                            Territory of Guam
19                          By
                              Deputy Clerk

20

21

22

23

24

25

26

27

28                          -10-