# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
### CRIMINAL MINUTES
#### INITIAL APPEARANCE - ARRAIGNMENT - PLEA

**FILED**
DISTRICT COURT OF GUAM

FEB - 5 2002

MARY L.M. MORAN
CLERK OF COURT

DATE: 02.05.2002 TIME: 10:11 am CASE NO. CR-01-123

( ✓ ) SEALED  ( ) UNSEALED

HON. JOHN S. UNPINGCO, Chief Judge, Presiding
PATRICIA T. CRUZ, Courtroom Deputy/_____
MCDONALD, E. HATTORI / KIPPEN, Law Clerk
_____, ECR -Tape No. QUINATA/TORRES/MCDONALD/TAIJERON/PEREDA/CAMACHO/LIZAMA/EDROSA, Court Security
_____ Designated Judge  ( ) District Court (Visiting Judge)  ( ) Superior Court

WANDA M. MILES, Court Reporter

* * * * * * * * * * * * * * * * * * * A P P E A R A N C E S * * * * * * * * * * * * * * * * * * * *
DEFT Kuo-Chung Wen    ATTY John Gorman
( ✓ ) PRESENT  ( ✓ ) CUSTODY  ( ) BOND  ( ) P.R.    ( ✓ ) PRESENT  ( ) RETAINED  ( ✓ ) FPD  ( ) CJA APPOINTED
(If more than one defendant, see attached)

U.S. ATTORNEY: Karon V. Johnson    AGENT: JP Anderson, DOI

U.S. PROBATION: J. O'Mara / M. Cruz    U.S. MARSHAL: Limtiaco / G. Perez

INTERPRETER: Mimi Chudoren    ( ) SWORN    LANGUAGE: Mandarin
( ✓ ) PREVIOUSLY SWORN

PROCEEDINGS: ( ) COMPLAINT ( ) WAIVER OF INDICTMENT/INFORMATION ( ) INDICTMENT
( ) INITIAL APPEARANCE    ( ) ARRAIGNMENT    ( ✓ ) PLEA [change of]
( ) COMPLAINT/INFORMATION/INDICTMENT READ TO DEFENDANT
( ) FINANCIAL/IDENTITY AFFIDAVIT REVIEWED AND ACCEPTED: _____, ATTORNEY APPOINTED
( ✓ ) DEFENDANT SWORN AND EXAMINED    AGE: 51    HIGH SCHOOL COMPLETED: _____
( ) DEFENDANT ARRAIGNED ADVISED OF RIGHTS, CHARGES AND PENALTIES
( ) REMOVAL/IDENTITY HEARING ( ) CONDUCTED ( ) WAIVED ( ) SET FOR: _____ at _____
( ) WARRANT OF REMOVAL ISSUED
( ) GOV'T SUMMARIZES THE EVIDENCE    ( ✓ ) GOV'T SUBMITS TO THE PLEA AGREEMENT
( ✓ ) COURT QUESTIONS DEFENDANT REGARDING HIS PHYSICAL AND MENTAL CONDITION, AND ADVISES DEFENDANT OF
THE NATURE AND POSSIBLE CONSEQUENCES OF SAID PLEA
( ) DEFENDANT WAIVES READING OF ( ) COMPLAINT ( ) INFORMATION ( ) INDICTMENT
( ✓ ) PLEA ENTERED: ( ✓ ) GUILTY  ( ) NOT GUILTY - TO: _____
( ) COUNT(S) _____ DISMISSED ON GOVERNMENT'S MOTION
( ✓ ) PLEA AGREEMENT FILED: _____ PLEA: ( ✓ ) ACCEPTED ( ) REJECTED
( ✓ ) COURT ORDERS PLEA AGREEMENT SEALED
( ) COURT REJECTS PLEA AGREEMENT AND REFERS IT TO: _____
_____ FOR RECOMMENDATION.
( ) SENTENCING DATE: _____ at _____  ( ✓ ) STATUS HEARING: 5-15-02 at 2:30 pm
( ) PRESENTENCE REPORT ORDERED AND DUE: _____
( ) PRELIMINARY EXAMINATION SET FOR: _____ at _____
( ) ARRAIGNMENT SET FOR _____ at _____
( ) TRIAL SET FOR _____ at _____
PROCEEDINGS CONTINUED TO: _____ at _____
( ) DEFENDANT TO BE RELEASED ON BOND (see release conditions on page 2)
( ✓ ) DEFENDANT REMANDED TO THE CUSTODY OF THE U.S. MARSHAL SERVICE FOR ( ) PROCESSING ( ✓ ) DETENTION
( ) DETENTION HEARING REQUESTED BY _ GOV'T _ DEFT IS SET FOR: _____ at _____
( ) DEFENDANT RELEASED ON BAIL AS PREVIOUSLY ORDERED BY THIS COURT

NOTES: _____
_____
_____

COURTROOM DEPUTY: _____
L:\docs\MINUTES.IAP

Time: 10:27 am Pm

CASE NO._____   DEFENDANT:_____

( ) PERSONAL RECOGNIZANCE BOND        ( ) UNSECURED BOND $_____
( ) CASH BOND $_____
( ) SURETY (COLLATERAL) BOND _____
_____

( ) DEFENDANT SHALL APPEAR ON_____ at _____
DEFENDANT RELEASED TO THIRD PARTY CUSTODY OF:
NAME:_____ PHONE NO._____
  Address: _____
( )   ELECTRONIC HOME MONITORING   ( ) DEFENDANT TO PAY FOR MONITORING ($        ) per day
* * * * * * * * * * * * * * * * * * * * * * * * * * R E L E A S E   C O N D I T I O N S * * * * * * * * * * * * * * * * * * * * * * * * *
THE DEFENDANT IS RELEASED ON THE FOLLOWING CONDITIONS:
( )   MUST REMAIN AT CUSTODIAN'S RESIDENCE BETWEEN THE HOURS OF _____ and _____
( )   MUST NOT LEAVE THE TERRITORY OF GUAM WITHOUT THE PRIOR PERMISSION OF THE COURT OR THE U.S. PROBATION OFFICE
( )   MUST MAINTAIN OR ACTIVELY SEEK EMPLOYMENT
( )   MUST MAINTAIN OR COMMENCE AN EDUCATIONAL PROGRAM  ( ) OBTAIN G.E.D.
( )   MUST ABIDE BY THE FOLLOWING RESTRICTIONS ON HIS/HER PERSONAL ASSOCIATIONS, PLACE OF ABODE, OR TRAVEL:_____
_____
( )   MUST STAY AWAY FROM ALL PORTS OF ENTRY AND EXIT
( )   MUST COMPLY WITH THE FOLLOWING CURFEW:_____
_____
( )   MUST AVOID ALL CONTACT WITH THE FOLLOWING NAMED PERSONS, WHO ARE CONSIDERED CO-DEFENDANTS OR ALLEGED VICTIMS OR POTENTIAL WITNESSES:
_____   _____
( )   MUST REPORT ON A REGULAR BASIS TO THE FOLLOWING AGENCY:   ( ) AS DIRECTED / PHONE:_____
  ( ) DEA  ( ) ATF  ( ) FBI  ( ) NCIS  ( ) NIS  ( ) U.S. CUSTOMS  ( ) U.S. PROBATION  ( ) U.S. IMMIGRATION
  BETWEEN THE HOURS OF _____ and_____ EVERY MON., TUES., WEDS., THURS. and FRI.
( )   MUST REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE, OR OTHER DANGEROUS WEAPON
( )   MUST REFRAIN FROM ( ) ANY  ( ) EXCESSIVE  USE OF ALCOHOL, AND ANY USE OR UNLAWFUL POSSESSION OF A NARCOTIC DRUG AND OTHER CONTROLLED SUBSTANCES UNLESS PRESCRIBED BY A LICENSED MEDICAL PRACTITIONER
( )   MUST UNDERGO MEDICAL, PSYCHIATRIC, SUBSTANCE ABUSE  OR DRUG TREATMENT AT THE DIRECTION OF _____
( )   MUST EXECUTE A BOND OR AN AGREEMENT TO FORFEIT THE FOLLOWING SUM OF MONEY OR DESIGNATED PROPERTY UPON FAILURE TO APPEAR ON _____
( )   MUST POST WITH THE COURT THE FOLLOWING INDICIA OF OWNERSHIP OF THE ABOVE-DESCRIBED PROPERTY (COLLATERAL) OR THE FOLLOWING AMOUNT OR PERCENTAGE OF THE DESCRIBED MONEY:_____
_____
( )   MUST EXECUTE A BAIL BOND IN THE AMOUNT OF $_____
( )   MUST SURRENDER ANY FIREARMS I.D. TO THE CLERK OF COURT OR TO_____
( )   MUST SURRENDER ANY PASSPORT TO THE CLERK OF COURT FOR THE DISTRICT COURT OF GUAM OR TO _____
_____
( )   MUST NOT OBTAIN A PASSPORT
( )   MUST SUBMIT TO A RANDOM URINALYSIS TESTING AS REQUIRED BY THE U.S. PROBATION OFFICE
( )   MUST SUBMIT TO SUBSTANCE ABUSE TESTING AS REQUIRED BY _____
( )   MUST ABIDE BY ALL PRETRIAL RELEASE CONDITIONS AS INSTRUCTED BY THE PROBATION OFFICE
( )   MUST NOT INCUR ANY NEW FINANCIAL DEBTS/OBLIGATIONS/LOANS W/OUT PRIOR PERMISSION OF THIS COURT
( )   UPON THE UNSEALING OF THIS CASE, SUPERVISION WILL BE TURNED OVER TO THE U.S. PROBATION OFFICE
( )
( )   _____
( )   _____
( )   _____
( )   _____
( )   _____

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By:_____
Deputy Clerk

# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
### CRIMINAL MINUTES
### SENTENCING

FILED
DISTRICT COURT OF GUAM
JAN 1 6 2003
MARY L. M. MORAN
CLERK OF COURT

32

**CASE NO. CR-01-00123**    **DATE: 01/15/03**    **TIME: 1:56 p.m.**
**( ) SEALED    ( X ) UNSEALED**

HON. JOHN S. UNPINGCO, Chief Judge, Presiding
Court Reporter: Wanda Miles
Electronically Recorded (RUN TIME: 1:56:41- 2:03:36)

Courtroom Deputy: Leilani Toves Hernandez
Law Clerk: **J. HATTORI & J. KIPPEN**
Court Security: J. McDonald

* * * * * * * * * * * * * * * * * * * * * * * A P P E A R A N C E S * * * * * * * * * * * * * * * * * * * * * * * *

**DEFT:    KUO CHUNG WEI**
(X) PRESENT ( X ) CUSTODY ( ) BOND ( ) P.R.

**ATTY: JOHN GORMAN**
( X ) PRESENT ( ) RETAINED ( X ) FPD ( ) CJA APPOINTED

**U.S. ATTORNEY: KAREN JOHNSON**

**AGENT: FRANK SANTOS, DEA**

**U.S. PROBATION: MARIA CRUZ**

**U.S. MARSHAL: G. PEREZ & S. LUJAN**

**INTERPRETER:   FOO MEE CHIN CLINNARD**
                ( ) SWORN ( X ) PREVIOUSLY SWORN

**LANGUAGE:   MANDARIN**

( ) ARGUMENT FOR A DOWNWARD DEPARTURE BY THE ___ GOVERNMENT___ DEFENSE __ GRANTED
    COURT DEPARTS TO A LEVEL____ FROM A LEVEL ____
( ) ARGUMENT FOR AN UPWARD DEPARTURE BY THE ___ GOVERNMENT ___ DEFENSE
( X ) COURT STATES THE APPROPRIATE BASE OFFENSE LEVELS _____
        Base offense level:  30        Total offense level:  23        Criminal History Category: 1

        **NO OBJECTIONS BY THE GOVERNMENT AND DEFENSE**

( X ) ATTORNEY FOR DEFENDANT ADDRESSES THE COURT
 Joint recommendation for a minimum sentence of 46 months.

( ) DEFENDANT ADDRESSES THE COURT AND APOLOGIZES
( X ) GOVERNMENT ADDRESSES THE COURT AND MAKES ITS RECOMMENDATION:
Concur with counsel for 46 months incarceration.

( ) LETTER(S) OF RECOMMENDATION RECEIVED BY THE COURT

SENTENCING CONTINUED TO:

NOTES/OTHER MATTERS:

Court clarifies with parties that the case has been unsealed.

COUNTS DISMISSED UPON MOTION OF THE GOVERNMENT:

I hereby certify that the
annexed instrument is a
true copy of the original
on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By_____
        Deputy Clerk

COURTROOM DEPUTY:
L:\Docs\COURTROOM MINUTES\CR-01-00123.wpd

SENTENCE:    <u>CR-01-00123</u>

( X )    DEFENDANT COMMITTED TO THE BUREAU OF PRISONS FOR A TERM OF <u>46 MONTHS WITH CREDIT</u> <u>FOR TIME SERVED. WHILE IMPRISONED, THE DEFENDANT SHALL PARTICIPATE IN VOCATIONAL AND DRUG</u> <u>EDUCATION PROGRAMS APPROVED BY THE BUREAU OF PRISONS.</u>

(    )    COURT RECOMMENDATION TO THE BUREAU OF PRISONS AT _____.

( X )    UPON RELEASE FROM IMPRISONMENT, DEFENDANT IS PLACED ON SUPERVISED RELEASE FOR A TERM OF <u>5 YEARS</u>.


***WITH THE FOLLOWING RELEASE CONDITIONS:

1.    PURSUANT TO 18 U.S.C. §3583(d), THE DEFENDANT SHALL BE TURNED OVER TO A DULY AUTHORIZED IMMIGRATION OFFICIAL FOR DEPORTATION PROCEEDINGS PROVIDED BY THE IMMIGRATION AND NATURALIZATION ACT, 8 U.S.C. § 1101 ET SEQ.  AS A FURTHER CONDITION OF SUPERVISED RELEASE, IF ORDERED DEPORTED, DEFENDANT SHALL REMAIN OUTSIDE THE UNITED STATES AND SHALL NOT RE-ENTER WITHOUT THE PERMISSION OF THE U.S. ATTORNEY GENERAL.  IF DEPORTATION FAILS TO OCCUR AND THE DEFENDANT IS RELEASE FROM CONFINEMENT PENDING FURTHER IMMIGRATION PROCEEDINGS, HE SHALL IMMEDIATELY REPORT TO THE U.S PROBATION OFFICE TO BEGIN HIS TERM OF SUPERVISED RELEASE.

2.    DEFENDANT SHALL OBEY ALL FEDERAL, STATE AND LOCAL LAWS.

3.    DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE AS SET FORTH BY THE U.S. PROBATION OFFICE.

4.    DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

5.    DEFENDANT SHALL NOT USE OR POSSESS ILLEGAL CONTROLLED SUBSTANCES.

6.    DEFENDANT SHALL REFRAIN FROM THE USE OF ANY AND ALL ALCOHOLIC BEVERAGES.

7.    DEFENDANT SHALL SUBMIT TO ONE URINALYSIS TEST WITHIN 15 DAYS OF RELEASE FROM CUSTODY AND, TO TWO MORE URINALYSIS THEREAFTER.

8.    DEFENDANT SHALL PARTICIPATE IN A PROGRAM APPROVED BY THE U.S. PROBATION OFFICE FOR ASSESSMENT AND TREATMENT OF NARCOTIC ADDICTION OR DRUG OR ALCOHOL DEPENDENCY WHICH WILL INCLUDE TESTING FOR THE DETECTION OF SUBSTANCE USE OR ABUSE.  IT IS FURTHER RECOMMENDED THAT THE DEFENDANT MAKE A CO-PAYMENT FOR TREATMENT AT A RATE TO BE DETERMINED BY THE U.S. PROBATION OFFICE.

9.    DEFENDANT SHALL OBTAIN AND MAINTAIN GAINFUL EMPLOYMENT.

10.    DEFENDANT SHALL PERFORM 400 HOURS OF COMMUNITY SERVICE.


PURSUANT TO §5E1.2(f) OF THE GUIDELINES, ALL FINES ARE WAIVED SINCE IT HAS BEEN DETERMINED THAT THE DEFENDANT DOES NOT HAVE THE ABILITY TO PAY.  IT IS FURTHER ORDERED THAT THE DEFENDANT PAY TO THE UNITED STATES A SPECIAL ASSESSMENT FEE OF <u>$100.00</u> TO BE PAID IMMEDIATELY AFTER SENTENCING.

COURT STATES THE JUSTIFICATION OF SENTENCE IMPOSED.  DEFENDANT IS ADVISED OF HIS APPEAL RIGHTS.  COURT ORDERS THAT A COMPLETE AND CORRECTED COPY OF THE PRESENTENCE REPORT BE PREPARED FOR THE BUREAU OF PRISONS AND THE U.S. SENTENCING COMMISSION.  COURT ORDERS THAT ANY OTHER COPY OF THE PRESENTENCE REPORT SHALL REMAIN CONFIDENTIAL.  NO OBJECTIONS. DEFENDANT REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL.

TIME ENDED: 2:03 p.m.

%₂AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of **GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| **KUO-CHUNG WEI** | Case Number: **CR-01-00123-002** |

**JOHN GORMAN, Federal Public Defender**
Defendant's Attorney

## THE DEFENDANT:

**X** pleaded guilty to count(s) __1__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

JAN 17 2003

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 & 18 U.S.C. § 2 | IMPORTATION OF METHAMPHETAMINE HYDROCHLORIDE | 12/02/2001 | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: **07/10/1965**

Defendant's USM No.: **02238-093**

Defendant's Residence Address:

**#27, LANE 55**

**KUO CHANG 2ND STREET**

**PU CI LI, SAI RU TOWN**

**TAI CHUNG COUNTY, TAIWAN**

Defendant's Mailing Address:

**#27, LANE 55**

**KUO CHANG 2ND STREET**

**PU CI LI, SIA RU TOWN**

**TAI CHUNG COUNTY, TAIWAN**

**01/15/2003**
Date of Imposition of Judgment

Signature of Judicial Officer

**JOHN S. UNPINGCO, U.S. DISTRICT COURT JUDGE**
Name and Title of Judicial Officer

JAN 17 2003

Date

EOD  1-21-03

I hereby certify that the annexed instrument is a true copy of the original on file in my office. ATTEST: CLERK OF COURT District Court of Guam Territory of Guam By _____ Deputy Clerk

DEFENDANT:       **KUO CHUNG WEI**
CASE NUMBER:     **CR-01-00123-002**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of   46 months with credit for time        .

☐    The court makes the following recommendations to the Bureau of Prisons:

**X**    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

   ☐    at _____ ☐    a ☐ p.m.   on _____ .

   ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐    before 2 p.m. on _____ .

   ☐    as notified by the United States Marshal.

   ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 2A — Imprisonment

DEFENDANT:      **KUO CHUNG WEI**
CASE NUMBER:    **CR-01-00123-002**

Judgment—Page ____3____ of ____7____

## ADDITIONAL IMPRISONMENT TERMS

**While imprisoned, the defendant shall participate in vocational and drug education programs approved by the Bureau of Prisons.**

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page ___4___ of ___7___

DEFENDANT:      **KUO CHUNG WEI**
CASE NUMBER:    **CR-01-00123-002**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term    <u>FIVE YEARS</u>    .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

future substance abuse.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 3/01) Judgment in a Criminal Ca
            Sheet 3A — Supervised Release

DEFENDANT:       **KUO CHUNG WEI**
CASE NUMBER:     **CR-01-00123-002**

## ADDITIONAL SUPERVISED RELEASE TERMS

1. **PURSUANT TO 18 U.S.C. §3583(d), THE DEFENDANT SHALL BE TURNED OVER TO A DULY AUTHORIZED IMMIGRATION OFFICIAL FOR DEPORTATION PROCEEDINGS IN ACCORDANCE WITH THE ESTABLISHED PROCEDURES PROVIDED BY THE IMMIGRATION AND NATURALIZATION ACT, 8 U.S.C. § 1101 ET SEQ.  AS A FURTHER CONDITION OF SUPERVISED RELEASE, IF ORDERED DEPORTED, DEFENDANT SHALL REMAIN OUTSIDE THE UNITED STATES AND SHALL NOT RE-ENTER WITHOUT THE PERMISSION OF THE U.S. ATTORNEY GENERAL.  IF DEPORTATION FAILS TO OCCUR AND THE DEFENDANT IS RELEASED FROM CONFINEMENT PENDING FURTHER IMMIGRATION PROCEEDINGS, HE SHALL IMMEDIATELY REPORT TO THE U.S PROBATION OFFICE TO BEGIN HIS TERM OF SUPERVISED RELEASE.**

2. **DEFENDANT SHALL OBEY ALL FEDERAL, STATE AND LOCAL LAWS.**

3. **DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE AS SET FORTH BY THE U.S. PROBATION OFFICE.**

4. **DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.**

5. **DEFENDANT SHALL NOT USE OR POSSESS ILLEGAL CONTROLLED SUBSTANCES.**

6. **DEFENDANT SHALL REFRAIN FROM THE USE OF ANY AND ALL ALCOHOLIC BEVERAGES.**

7. **DEFENDANT SHALL SUBMIT TO ONE URINALYSIS TEST WITHIN 15 DAYS OF RELEASE FROM CUSTODY AND, TO TWO MORE URINALYSIS THEREAFTER.**

8. **DEFENDANT SHALL PARTICIPATE IN A PROGRAM APPROVED BY THE U.S. PROBATION OFFICE FOR ASSESSMENT AND TREATMENT OF NARCOTIC ADDICTION OR DRUG OR ALCOHOL DEPENDENCY WHICH WILL INCLUDE TESTING FOR THE DETECTION OF SUBSTANCE USE OR ABUSE.  IT IS FURTHER RECOMMENDED THAT THE DEFENDANT MAKE A CO-PAYMENT FOR TREATMENT AT A RATE TO BE DETERMINED BY THE U.S. PROBATION OFFICE.**

9. **DEFENDANT SHALL OBTAIN AND MAINTAIN GAINFUL EMPLOYMENT.**

10. **DEFENDANT SHALL PERFORM 400 HOURS OF COMMUNITY SERVICE.**

Judgment — Page __6__ of __7__

DEFENDANT:        **KUO CHUNG WEI**
CASE NUMBER:      **CR-01-00123-002**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $  **100.00** | $  **WAIVED** | $ **0** |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐  If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐  the interest requirement is waived for the    ☐  fine and/or    ☐  restitution.

   ☐  the interest requirement for the    ☐  fine and/or    ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Judgment — Page    7    of    7   

DEFENDANT:     **KUO CHUNG WEI**
CASE NUMBER:   **CR-02-00123-002**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance with   ☐ C,  ☐ D, or  ☐ E below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or  ☐ E below); or

**C** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** **X** Special instructions regarding the payment of criminal monetary penalties:

     **Defendant shall pay to the United States a Special Assessment Fee of $100.00 to be paid immediately after sentencing.**

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

*ᴾᵣPROB 12C
( 12/04)

# UNITED STATES DISTRICT COURT

for

## District of Guam

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:            **Kuo-Chung Wei**            Case Number:   __CR 01-00123-002__

Name of Sentencing Judicial Officer:   John S. Unpingco

Date of Original Sentence:   January 15, 2003

Original Offense:   Importation of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 846 & 18 U.S.C. § 2

Original Sentence:   46 months imprisonment with credit for time served followed by a five year term of supervised release with conditions to include: pursuant to 18 U.S.C. §3583(d) be turned over to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the immigration and naturalization act, 8 U.S.C. § 1101 et seq. as a further condition of supervised release, if ordered deported defendant shall remain outside the United States and shall not re-enter without the permission of the U.S. Attorney General; and if deportation fails to occur and the defendant is released from confinement pending further immigration proceedings, he shall immediately report the U.S. probation Office to begin his term of supervised release. Additionally, he was ordered to: not unlawfully possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one urinalysis within 15 days of release and up to two urinalyses thereafter; refrain from the use of any and all alcoholic beverages; participate in a program approved by the U.S. Probation Office for substance abuse, which may include testing to determine whether the defendant has reverted to the use of drugs or alcohol and make co-payment at rate to be determined by the U.S. Probation Office; perform 400 hours of community service under the direction of the U.S. Probation Office; obtain and maintain gainful employment; and pay a $100 special assessment fee.

Type of Supervision:   Supervised Release      Date Supervision Commenced:            April 4, 2005

Assistant U.S. Attorney:      Karon V. Johnson            Defense Attorney:      John Gorman, FPD

### PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | Distribution of a Controlled Substance, in violation of 18 U.S.C.§3583(d). |
| 2. | Arrested for Possession of a Controlled Substance, in violation of 18 U.S.C. § 3583(d). |
| 3. | Failure to remain outside the United States and not re-enter without the permission of the U.S. Attorney General, in violation of 18 U.S.C.§3583(d). |

®₂Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*Please see attached Declaration in Support of Petition; re: Violation of Supervised Release, Request for a Summons written by U.S. Probation Officer Grace D. Flores.*

I declare under penalty of perjury that the foregoing is true and correct.

Reviewed by:

/s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

/s/ GRACE D. FLORES
U.S. Probation Officer

Date: _____June 4, 2007_____

Executed on: _____June 4, 2007_____

THE COURT ORDERS:

[ ] No action.

[ ] The issuance of a warrant.

[ ] The issuance of a summons.

[ ] Other

I hereby certify that the
annexed instrument is a
true copy of the original
on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By:_____
Deputy Clerk

**VIOLATION WORKSHEET**

1.    Defendant    **Kuo-Chung Wei**

2.    Docket Number (Year-Sequence-Defendant No.)    **CR 01-00123-002**

3.    District/Office    0993/1

4.    Original Sentence Date    01    /    15    /    03
                                month        day        year

(If different than above):

5.    Original District/Office

6.    Original Docket Number (Year-Sequence-Defendant No.)

7.    List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Arrested for distribution of a controlled substance. (April 5, 2007) | A |
| • Possession of a controlled substance. | A |
| • Failure to remain outside the United States and not enter without the permission of the U.S. Attorney General. | C |
| • | |
| • | |
| • | |

8.    Most Serious Grade of Violation (see §7B1.1(b))    | A |

9.    Criminal History Category (see §7B1.4(a))    | I |

10.    Range of Imprisonment (see §7B1.4(a))    | 24-30    months |

11.    Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

☐    (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐    (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☒    (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.**

Defendant:    **Kuo-Chung Wei**

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (<u>see</u> §7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | N/A | Community Confinement | N/A |
| Fine ($) | N/A | Home Detention | N/A |
| Other | 400 hours community service | Intermittent Confinement | N/A |

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (<u>see</u> §§7B1.3(g)(1)).

Term: _____ to _____ years.

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (<u>see</u> 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment:    30-36 months

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

None.

15. **Official Detention Adjustment** (<u>see</u> §7B1.3(e)):    1    months    16    days

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.**

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF GUAM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 01-00123-002 |
| | ) | |
| Plaintiff, | ) | |
| | )**DECLARATION IN SUPPORT OF PETITION** | |
| vs. | ) | |
| | ) | |
| KUO-CHUNG WEI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Re:    Violation of Supervised Release, Request for a Summons**

     I, U.S. Probation Officer Grace D. Flores, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Kuo-Chung Wei, and in that capacity declare as follows:

     On January 15, 2003 Kuo-Chung Wei was sentenced to 46 months imprisonment with credit for time served and a five year term supervised release for the offense of Importation of Methamphetamine Hydrochloride, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. His term of supervised release began on April 5, 2005. Mr. Wei is alleged to have committed the following, in violation of 18 U.S.C. §3583(d):

**Violation #1, Mandatory Condition:** *The defendant shall not commit another federal, state, or local crime. and* **Violation #2, Mandatory Condition:** *The defendant shall not illegally possess a controlled substance.*

     On April 5, 2007 and April 6, 2007, two controlled purchases of three grams each of crystal methamphetamine were made from Kuo-Chung Wei by the Commonwealth of the Northern Mariana Islands (CNMI) Department of Public Safety (DPS) Narcotics Section. Mr. Wei was arrested and charged with the offense of Distribution of a Controlled Substance following the second controlled buy. On April 16, 2007, he was charged by Complaint in the District Court of the Northern Mariana

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release, Request for a Summons
Re:    WEI, Kuo-Chung
USDC Cr. Cs. No. 01-00123-002
June 4, 2007
Page 2


Islands (NMI) Criminal Case No. 07-00003 for two counts of Distribution of a Controlled
Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On May 4, 2007, Mr. Wei was
Indicted in the District of the NMI in Criminal Case No. 07-00013 to two counts of Distribution of
a Controlled Substance Within 1000 Feet of a School, in violation of 21 U.S.C. §§ 841(a)(1),
(b)(1)(C), and 860(a). Since April 16, 2007, Mr. Wei has been in the custody of the U.S. Marshal
Service. The Drug Enforcement Administration investigative documents, Complaint and Indictment
outlined the offense as follows:

> On April 2, 2007, Commonwealth of the Northern Mariana Islands Department of
> Public Safety (DPS) Detective Alfred Celes met with a cooperating source (CS) who
> provided information that he was introduced to "Zhou" or "Pang Yoa"who lives at
> the Taiwan Center building at As Lito, Saipan.  The CS has been buying crystal
> methamphetamine from the Chinese male who was later identified as Kuo-Chung
> Wei also known as John Wei.

> On April 5, 2007, the DPS CS placed a recorded telephone call to Kuo-Chung Wei's
> cellular phone (670-989-9056), and ordered $350 worth of "ice".  Wei indicated that
> they would meet at Sister Remedio School located in Chalan Kanoa, Saipan, CNMI.

> DPS provided the CS with $350, equipped him/her with a recording device and was
> accompanied by the Drug Enforcement Administration Task Force Agent, acting in
> an undercover capacity. At approximately 7:14 p.m., they met Wei who was driving
> a maroon sedan bearing the license plate ADT 632.  Wei provided the CS with
> suspected methamphetamine wrapped in a white napkin.  After completing the
> transaction, the CS and the accompanying Officer left the school and went to the
> prearranged location. At the secure location, the recording device was retrieved from
> the CS.  A field test was also conducted on the crystalline substance and it was
> presumptive positive for methamphetamine with an approximate weight of 1.8
> grams.

> Later that evening, at approximately 7:55 p.m, another recorded telephone call was
> placed to Wei and an order for "ice" was made for April 6, 2007.

> On April 6, 2007, at approximately 12:50 p.m. a call was placed to Wei's cellular
> telephone (670-989-9056) and the CS ordered $350 worth of ice. The meeting place
> was set for the same location as the day prior and the meeting time was scheduled
> for five minutes.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release, Request for a Summons
Re:     WEI, Kuo-Chung
USDC Cr. Cs. No. 01-00123-002
June 4, 2007
Page 3

The CS was provided $350 by DPS and equipped with a recording device. At 1:00 p.m., the CS and Wei met. Wei was operating the same vehicle as the previous day. After completing the transaction, the CS met the DPS Officers at a prearranged location and provided the officers with a piece of toilet tissue with two small ziploc bags containing crystalline liked substance. The substance was field tested and was presumptive positive to be crystal methamphetamine with an approximate weight of 1.9 grams.

Immediately thereafter, Wei was stopped by a DPS Traffic Officer for a traffic violation, and was arrested for trafficking "ice". He was taken to DPS Traffic Office for questioning. Officers obtained $350 of pre-recorded drug money from Wei. Wei consented to a vehicle search which produced negative results. He verbally consented to search of his apartment at YPIA Apartments room 23 in Garapan, Saipan. The search yielded a Mild Seven cigarette box containing a ziploc with six marijuana cigarettes and an additional 27 marijuana joints outside the box. A field test was conducted with presumptive positive results.

**Violation #3 Special Condition:** *Pursuant to 18 U.S.C. §3583(d), the defendant shall be turned over to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §1101 Et Seq. As a further condition of supervised release, if ordered deported, defendant shall remain outside the United States and shall not re-enter without the permission of the U.S. Attorney General. If deportation fails to occur and the defendant is released from confinement pending further immigration proceedings, he shall immediately report to the U.S. Probation Office to begin his term of supervised release.*

On April 4, 2005, Mr. Wei was released from the custody of the Bureau of Prisons and transferred to the Bureau of Immigrations and Customs Enforcement pursuant to a detainer. On April 14, 2005, Mr. Wei was deported from the United States to the Republic of Taiwan.

On April 5, 2007, Mr. Wei was arrested in the District of the Northern Mariana Islands for the offense of Distribution of a Controlled Substance. His Taiwan passport indicated multiple entries into Saipan, CNMI. On May 16, 2006, he entered Saipan, and departed on May 24, 2006. On December 25, 2006, he returned to Saipan and departed on January 12, 2007. On February 7, 2007, he returned to Saipan and departed on February 10, 2007. On February 14, 2007, he returned and departed on March 10, 2007. On March 13, 2007, he arrived in Saipan and departed on March 31, 2007. He last entered Saipan on April 4, 2007, a day prior to his arrest.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release, Request for a Summons
Re:    WEI, Kuo-Chung
USDC Cr. Cs. No. 01-00123-002
June 4, 2007
Page 4

**Supervision compliance:** Mr. Wei has not reported to the U.S. Probation Office for supervision therefore, there is no information regarding his compliance.

**Recommendation:**   This Probation Officer respectfully requests that the Court issue a Writ of Habeas Corpus for Kuo-Chung Wei's appearance at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause why his term of supervised release should not be modified or revoked, pursuant to 18 U.S.C. § 3583.

Executed this 4th day of June 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By:  /s/ GRACE D. FLORES
U.S. Probation Officer

Reviewed by:

 /s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:    Karon Johnson, AUSA
John Gorman, FPD
File

℁PROB 12C
( 12/04)

# UNITED STATES DISTRICT COURT

for

## District of Guam

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:          **Kuo-Chung Wei**          Case Number:    CR 01-00123-002

Name of Sentencing Judicial Officer:    John S. Unpingco

Date of Original Sentence:  January 15, 2003

Original Offense:    Importation of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 846 & 18 U.S.C. § 2

Original Sentence:    46 months imprisonment with credit for time served followed by a five year term of supervised release with conditions to include: pursuant to 18 U.S.C. §3583(d) be turned over to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the immigration and naturalization act, 8 U.S.C. § 1101 et seq. as a further condition of supervised release, if ordered deported defendant shall remain outside the United States and shall not re-enter without the permission of the U.S. Attorney General; and if deportation fails to occur and the defendant is released from confinement pending further immigration proceedings, he shall immediately report the U.S. probation Office to begin his term of supervised release. Additionally, he was ordered to: not unlawfully possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one urinalysis within 15 days of release and up to two urinalyses thereafter; refrain from the use of any and all alcoholic beverages; participate in a program approved by the U.S. Probation Office for substance abuse, which may include testing to determine whether the defendant has reverted to the use of drugs or alcohol and make co-payment at rate to be determined by the U.S. Probation Office; perform 400 hours of community service under the direction of the U.S. Probation Office; obtain and maintain gainful employment; and pay a $100 special assessment fee.

Type of Supervision:    Supervised Release    Date Supervision Commenced:          April 4, 2005

Assistant U.S. Attorney:    Karon V. Johnson    Defense Attorney:    John Gorman, FPD

## PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | Distribution of a Controlled Substance, in violation of 18 U.S.C.§3583(d). |
| 2. | Arrested for Possession of a Controlled Substance, in violation of 18 U.S.C. § 3583(d). |
| 3. | Failure to remain outside the United States and not re-enter without the permission of the U.S. Attorney General, in violation of 18 U.S.C.§3583(d). |

ᴾ₂Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended    _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*Please see attached Declaration in Support of Petition; re: Violation of Supervised Release, Request for a Summons written by U.S. Probation Officer Grace D. Flores.*

Reviewed by:

I declare under penalty of perjury that the foregoing is true and correct.

/s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

/s/ GRACE D. FLORES
U.S. Probation Officer

Date:     June 4, 2007

Executed on:     June 4, 2007

THE COURT ORDERS:

[ ] No action.

[ ] The issuance of a warrant.

[X] The issuance of a summons. Summons to issue for hearing on June 27, 2007, at 2:00 p.m.

[ ] Other

I hereby certify that the
annexed instrument is a
true copy of the original
on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: _____
Deputy Clerk

/s/ Joaquin V.E. Manibusan, Jr.
**U.S. Magistrate Judge**
**Dated: Jun 11, 2007**

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
## CRIMINAL MINUTES
## INITIAL APPEARANCE

CASE NO.: CR-01-00123                    DATE: June 27, 2007

---

HON. JOAQUIN V. E. MANIBUSAN, JR., Magistrate Judge, Presiding

Law Clerk: Judith P. Hattori                    Court Recorder: Virginia T. Kilgore

Courtroom Deputy: Virginia T. Kilgore           Electronically Recorded: 2:35:43 - 2:45:09

CSO: J. McDonald / B. Pereda

---

**APPEARANCES:**

Defendant: Kuo-Chung Wei                    Attorney: Richard Arens

☑ Present ☑ Custody ☐ Bond ☐ P.R.         ☑ Present ☐ Retained ☑ FPD ☐ CJA

U.S. Attorney: Karon Johnson               U.S. Agent:

U.S. Probation: Grace Flores               U.S. Marshal: D. Punzalan / T. Muna

Interpreter: Chung Harrell                 Language: Chinese Mandarin

---

**PROCEEDINGS: Continued Hearing on Petition for Revocation of Supervised Release**

- Federal Public Defender appointed.


NOTES: The Court continued the matter indefinitely to allow probation the opportunity to request a transfer of jurisdiction to the District Court of the Northern Mariana Islands where his violation can be addressed.

I hereby certify that the
annexed instrument is a
true copy of the original
on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By:
Deputy Clerk